IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:11-CV-119-F

| | |
|---|---|
| BRIAN ANTHONY JUDGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| REBECCA LYNN WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on Petitioner Brian Anthony Judge's Application for Award of Expenses [DE-15] following this court's order to return his minor child, E.L.W.J. (or "Child"), to the Republic of Ireland pursuant to The Convention of the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S., No. 11670 U.N.T.S. 49 ("Hague Convention") and the International Child Remedies Act, 42 U.S.C. § 11670 *et seq.* ("ICARA"). Respondent Rebecca Lynn Williams has not filed a response, and the deadline for doing so has since passed. This matter is therefore ripe for ruling.

## BACKGROUND

Petitioner initiated this action by filing a Verified Petition Under Hague Convention Seeking Return of Child to Petitioner, Immediate Issuance of Show Cause Order to Respondent, and Expedited Hearing on the Merits [DE-1] ("Hague Petition"), along with a Verified Petition for Warrant to Take Physical Custody of Child Pursuant to N.C. Gen. Stat. § 50A-311 [DE-2] ("Application") on July 15, seeking the return of E.L.W.J. to the Republic of Ireland, on the ground

that the Child was wrongfully removed from Ireland and wrongfully retained in the United States. In the Application, Petitioner asked the court to issue a warrant directing the United States Marshal Service to take E.L.W.J. into custody and bring the child before this court for a hearing, or if court was not in session, to deliver E.L.W.J. into the custody of Petitioner until the hearing is scheduled.

In an order filed on July 20, 2011, the court found, pursuant to 42 U.S.C. § 11604 and North Carolina General Statute § 50A-31, that E.L.W.J. was imminently likely to be removed from the state by her mother, Respondent Rebecca Lynn Williams, if not taken into immediate custody pending the court's ultimate disposition of the Hague Petition. Accordingly, the court ordered that a warrant be issued directing the United States Marshal to take physical custody of E.L.W.J. and deliver her to this court for a hearing on the Hague Petition set for July 21, 2011, at 4 p.m. The court ordered that the Marshal could, if necessary, deliver E.L.W.J. into the custody of Petitioner pending the hearing.

The matter came on for hearing before the undersigned on July 21, 2011, at 4 p.m. Petitioner was present with his attorney, Jennifer Lyday, and E.L.W.J. Respondent was present, without an attorney. After both parties testified and presented evidence, the court allowed Petitioner's Hague Petition and ordered that E.L.W.J. be returned to the Republic of Ireland in Petitioner's custody, and ordered that Petitioner had fourteen days to file an application for attorney's fees and expenses.

On August 4, 2011, Petitioner timely filed his Application for Award of Expenses, pursuant to 42 U.S.C. § 11607(b)(3), along with his affidavit and supporting documentation[1] and an affidavit

---

[1] An exhibit to his affidavit showing the receipt for E.L.W.J.'s return ticket to the Republic of Ireland shows E.L.W.J.'s full name, in violation of Rule 5.2(a) of the Federal Rules of Civil Procedure. Unfortunately, Petitioner filed the Application, supporting affidavits, and all exhibits thereto as one continuous document. Accordingly, to protect E.L.W.J.'s privacy interests, the Clerk of Court is DIRECTED to seal the entirety of Docket Entry 15. Petitioner is ORDERED to file, on or before

2

from his counsel.

## ANALYSIS

ICARA provides:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11067(b)(3). Accordingly, under the plain language of the statute, this court has the duty to order the payment of necessary expenses and legal fees unless Respondent satisfies her burden of showing that such an order would be clearly inappropriate.

In this case, Respondent has failed to offer any response, and therefore the court cannot find that she has met her burden in establishing that an award of expenses to Petitioner is clearly inappropriate. Accordingly, the court will only consider whether the amounts requested by Petitioner constitute a "necessary expense" related to the return of E.L.W.J. and are reasonable.

Petitioner seeks $3,974.86 for expenses incurred by him personally, and submits an affidavit supported by receipts. His expenses include the costs Petitioner incurred flying to North Carolina and back to the Republic of Ireland along with the costs of his lodging in North Carolina ($2,648.63)[2], the costs Petitioner incurred flying E.L.W.J. from North Carolina to the Republic of

---

September 8, 2011, an identical copy of his Application and supporting documents, except that E.L.W.J.'s full name shall be redacted from any of the documents in accordance with Federal Rule of Civil Procedure 5.2(a). Petitioner is reminded to separate supporting documents and file them as attachments to the underlying Application.

[2] Petitioner purchased a package for round-trip airfare and lodging through Expedia Ireland in the amount of € 1,781.80. Petitioner multiplied that amount by 1.4073 , the US Dollar Exchange Rate on July 13, 2011–the date he purchased the package–to calculate the amount of the package in U.S.

3

Ireland ($844.30), and the cost of Petitioner's rental car in North Carolina ($481.93). The court finds that all these expenses to be reasonable and necessarily related to Petitioner's efforts to have E.L.W.J. returned to the Republic of Ireland.

Petitioner also seeks $673.84 for expenses incurred on his behalf by the law firm Womble Carlyle Sandridge & Rice, PLLC ("WCSR"). Petitioner's counsel represented Petitioner pro bono in this proceeding, and accordingly, Petitioner is not seeking attorney's fees. He is seeking, however, the expenses WCSR incurred on his behalf, including the filing fee for this action ($350.00), the cost of photocopies ($64.10), and his counsel's travel expenses to attend the hearing ($259.74). Petitioner's counsel has submitted an affidavit detailing those expenses. The court finds the expenses are reasonable and are related to the return of E.L.W.J. *See Cuellar v. Joyce*, 603 F.3d 1142-43 (9th Cir. 2010)(finding the expenses an attorney, who represented a petitioner pro se, incurred for travel and lodging for oral argument and post-argument mediation to be "necessary expenses incurred by or on behalf of the petitioner").

Accordingly, the court finds that the total amount of $4,648.70 in expenses incurred by Petitioner or on his behalf to be reasonable and necessary to his efforts to have his child returned to the Republic of Ireland.

## CONCLUSION

For the foregoing reasons, Petitioner's Application for Award of Expenses [DE-15] is ALLOWED, and Petitioner Brian Anthony Judge hereby is awarded $4,648.70 against Respondent Rebecca Lynn Williams.

Additionally, the Clerk of Court is DIRECTED to seal the entirety of Docket Entry 15.

---

dollars, $2,507.53. Petitioner also spent $141.00 to change the date his return flight to Ireland.

Petitioner is ORDERED to file, on or before September 8, 2011, an identical copy of his Application and supporting documents, except that E.L.W.J.'s full name shall be redacted from any of the documents in accordance with Federal Rule of Civil Procedure 5.2(a).

SO ORDERED.

This, the 25th day of August, 2011.

James C. Fox
Senior United States District Judge